# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ENRIQUE MARTINEZ-AVILA,  ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CV-60-PRC |
| ) | |
| NANCY A. BERRYHILL, Deputy ) | |
| Commissioner for Operations, Social ) | |
| Security Administration, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Enrique Martinez-Avila on February 10, 2017, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 15], filed by Plaintiff on August 1, 2017. Plaintiff requests that the Court reverse and remand for further proceedings the November 10, 2015 decision of the Administrative Law Judge denying him disability insurance benefits. For the following reasons, the Court grants Plaintiff's request.

## PROCEDURAL BACKGROUND

On August 1, 2013, Plaintiff filed an application for disability insurance benefits, alleging disability. Plaintiff has amended his alleged onset date of disability to July 1, 2013. The claim was denied initially and on reconsideration. On June 4, 2015, a hearing was held before Administrative Law Judge ("ALJ") Janice M. Bruning. Present at the hearing were Plaintiff, his attorney, and an impartial vocational expert. The ALJ issued a written decision on November 10, 2015, concluding that Plaintiff was not disabled based on the following findings:

    1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since July 1, 2013, the alleged onset date.

3. The claimant has the following severe impairments: obesity; degenerative changes in the left knee; status post right knee surgery; status post back surgery; asthma; hypertension and history of coronary artery disease; diabetes mellitus with neuropathy; and hyperlipidemia.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(b) except never climb ladders, ropes or scaffolding; no more than occasionally climb ramps and stairs, balance, stoop, crouch, kneel, crawl, bend, twist; be afforded sit-stand option allowing to stand 1-2 minutes after sitting 30 minutes; avoid concentrated exposure to lung irritants and work hazards such as unprotected heights and dangerous moving machinery; and be allowed to use a cane as needed to get to and from the work station.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born [in 1970] and was 43 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2013, through the date of this decision.

(AR 18-29).

Plaintiff then sought review before the Agency's Appeals Council, which denied his request on December 14, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. On February 10, 2017, Plaintiff filed the Complaint in this case.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and

3

the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that he suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be

4

expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). To be found disabled, the claimant's impairment must not only prevent him from doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. § 404.1520(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(I)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [his] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R.

§ 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

In this appeal, Plaintiff argues that the ALJ erred in assessing Plaintiff's RFC and in evaluating Plaintiff's subjective symptoms. Errors made in determining Plaintiff's RFC require remand of this case to the agency for further proceedings.

### A. Residual Functional Capacity

The RFC is a measure of what an individual can do despite the limitations imposed by his impairments. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); 20 C.F.R. § 404.1545(a). The determination of a claimant's RFC is a legal decision rather than a medical one. 20 C.F.R. § 404.1527(d)(2); *Diaz*, 55 F.3d at 306 n.2. The RFC is an issue at steps four and five of the sequential evaluation process and must be supported by substantial evidence. SSR 96-8p, 1996 WL 374184, *3 (July 2, 1996); *Clifford*, 227 F.3d at 870.

"RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing' basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p at *1. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."*Id.* at *3. The relevant evidence includes medical history; medical signs and laboratory findings; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. In arriving

6

at an RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *Id*. The "ALJ must also consider the combined effects of all the claimant's impairments, even those that would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003).

1. *Use of Walker*

Plaintiff argues that the ALJ erred in not considering Plaintiff's alleged need to use a walker. Plaintiff testified at the administrative hearing that he uses a walker and a cane. (AR 45, 66). Plaintiff's daughter indicated that Plaintiff needed a walker in order to stand, (AR 206), and that he was prescribed a cane in June 2012 and a walker on June 24, 2013, (AR 211). Plaintiff reported using the walker on his Adult Function Report and indicated that the walker was prescribed on June 25, 2013. (AR 216-17). On September 30, 2013, consulting examiner Dr. Adela Perez listed "Antalgic walk. He has to walk with the use of a walker" under Plaintiff's diagnoses. (AR 696). During her examination, Dr. Perez observed that Plaintiff was unable to tandem walk or stand on his toes without the use of a walker. (AR 695). The ALJ found that Plaintiff had the RFC to perform a limited range of sedentary work and did not include any finding regarding the use of a walker.

ALJs must fairly evaluate the record. "Thus, although the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling. *Golembiewski*, 322 F.3d at 917(citations omitted) (citing *Dixon*, 270 F.3d at 1176; *Zurawski*, 245 F.3d at 888); *accord Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014); *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) ("[W]e cannot uphold an administrative decision that fails to mention highly pertinent evidence" (citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) (per curiam)).

7

Here, the ALJ did not reference Plaintiff's allegations of—or medical evidence supporting—a need for a walker. The vocational expert testified that use of a walker would affect the jobs that she testified would be available to an individual with the RFC found by the ALJ. (AR 75). Though Defendant argues that the ALJ considered Plaintiff's need for an assistive device, the ALJ's discussion is inadequate, as it addresses only the use of a cane and not the use of a walker. The line of evidence concerning use of a walker was ignored, and the Court cannot trace the ALJ's reasoning behind the decision to find Plaintiff not limited by a need to use a walker. Remand is required.

2.  *Hand and Finger Limitations*

Plaintiff argues that the ALJ mischaracterized the medical evidence regarding Plaintiff's left hand carpel tunnel syndrome. The ALJ wrote that Plaintiff complained of significant limitations in his upper extremities but testified to use of his right upper extremity with no problem. The ALJ also concluded that the record "shows no evidence of functional limitations with [Plaintiff's] upper extremities." (AR 26 (citing "Hearing Transcript")). The ALJ cited page 4 of Exhibit 11F of the Administrative Record as reflecting 5/5 strength in the upper and lower extremities and normal range of motion in all joints. (AR 25, 26, 27). The ALJ characterized the findings on this page of the record as "normal." (AR 19). However, this page of the Administrative Record includes the finding that "Fine-finger manipulation is normal, but slow. Buttoning, unbuttoning, opening bottle caps, picking up coins was slow . . . ." (AR 695). Further, Plaintiff testified at the administrative hearing to numbness in his fingers and hands, (AR 63), and cramping in and difficulty opening his left hand (AR 48). The ALJ has mischaracterized the evidence regarding Plaintiff's alleged difficulty with

fine-finger manipulation. On remand, the ALJ is directed to consider the evidence supporting limitations in Plaintiff's fine-finger manipulation.

*3.    Sitting and Standing*

Plaintiff testified that he can "usually sit 15 minutes," and that sitting for 30 minutes at a time is "pushing it." (AR 47). In her decision, the ALJ determined that Plaintiff retained the capacity to sit for 30 minutes at a time, after which he must be allowed to stand one to two minutes. (AR 22). In support, the ALJ cited Plaintiff's testimony, though she characterized the testimony as being that Plaintiff could sit for thirty minutes. The ALJ did not include Plaintiff's qualifying statement. Later in the decision, the ALJ gave great weight to a medical opinion that Plaintiff should avoid prolonged sitting or standing. The Court is unable to decipher how the ALJ arrived at the conclusion that a 1-2 minute standing break is sufficient respite for Plaintiff after 30 minutes of sitting, especially in light of the absence of discussion regarding Plaintiff's testimony that sitting for so long is "pushing it."

If, on remand, the ALJ finds that Plaintiff has the RFC to perform work with a sit/stand option, the ALJ is directed to explain how the evidence supports the length of time sitting and the length of time standing determined by the ALJ.

**B. Credibility**

Plaintiff argues that the ALJ erred in evaluating Plaintiff's subjective symptoms. On March 28, 2016, Social Security Ruling 16-3p became effective and issued new guidance regarding the evaluation of a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms. *See* SSR 16-3p, 2016 WL 1237954 (Mar. 28, 2016). However, SSR 16-3p is not retroactive; therefore, the "credibility determination" in the ALJ's decision in this case is governed by the standard of SSR 96-7p. *See* Notices, Social Security Ruling 16-3p, 2017 WL 4790249 (Oct.

9

25, 2017) (clarifying that Social Security Ruling 16-3p only applies when ALJs "make determinations and decisions on or after March 28, 2016" and that Social Security Ruling 96-7p governs cases decided before that date).

In making a disability determination, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id*. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;
(7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 404.1529(c)(3). "Because the ALJ is in the best position to determine a witness's truthfulness and forthrightness . . . a court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012) (quotation marks omitted) (quoting *Skarbek v Barnhart*, 390 F.3d 500, 504-05 (7th Cir. 2004)); *see also Prochaska*, 454 F.3d at 738. Nevertheless, "an ALJ must adequately explain [her] credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) (citing *Terry*, 580 F.3d at 477); SSR 96-7p, 1996 WL 374186, at *2 (Jul. 2, 1996) ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and

to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.").

Plaintiff argues that the ALJ failed to consider his impairments in combination, improperly relied on Plaintiff's activities of daily living, failed to evaluate Plaintiff's allegations of needing to lie down, neglected to consider side effects of Plaintiff's many prescription medicines, and used the wrong legal standard.

Because remand is necessary on other grounds and new regulations regarding allegations of subjective symptoms will apply on remand, a full analysis of the ALJ's credibility assessment is not warranted. When determining Plaintiff's RFC on remand, the ALJ is directed to consider Plaintiff's impairments in combination, evaluate Plaintiff's allegations regarding the need to lie down, consider any alleged side effects of medication, and to use the proper legal standards. The Court further directs the ALJ to be mindful of the warning frequently issued by the Seventh Circuit Court of Appeals to recognize the differences between performing tasks at home in a flexible environment and performing work full-time up to an employer's standards. *See Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order.

SO ORDERED this 17th day of May, 2018.

                                         s/ Paul R. Cherry
                                         MAGISTRATE JUDGE PAUL R. CHERRY
                                         UNITED STATES DISTRICT COURT